AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**RENE VAZQUEZ SALES,**<br><br>*Defendant(s)* | )<br>)<br>) Case No. 18-8029-DLB<br>)<br>)<br>) |

FILED BY ___ D.C.
JAN 2 9 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 27, 2018__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after removal. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Damian Weston, ICE D/O
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-29-2018

_____
*Judge's signature*

City and state: West Palm Beach, FL

Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF DAMIAN WESTON
# IMMIGRATION CUSTOMS & ENFORCEMENT
# DEPARTMENT OF HOMELAND SECURITY
# ENFORCEMENT AND REMOVAL OPERATIONS

I, Damian Weston, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over seven years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to believe that Rene Vazquez SALES committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about January 27, 2018, Rene Vazquez SALES was arrested in Palm Beach County, Florida for violation of probation. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from the United States, that is, Rene Vazquez SALES.

4. A review of the immigration alien file assigned to SALES shows that he is native and citizen of Guatemala. Records further show that SALES was previously ordered removed from the United States. The Order of Removal was executed on or about March 12, 2014, whereby SALES was removed from the United States and returned to Guatemala.

5. I performed a records check in the Computer Linked Application Informational Management System (CLAIMS) to determine if SALES filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that

database system, no record was found to exist indicating that SALES obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

6. As previously noted, SALES' fingerprints taken on or about January 27, 2018 by the Palm Beach County Jail booking officials were scanned into the Integrated Automated Fingerprint Identification System (IAFIS). The query results registered as a match to the same SALES who was fingerprinted and removed from the United States on or about March 12, 2014.

7. Based on the foregoing, I submit that probable cause exists to believe that, on or about January 27, 2018, Rene Vazquez SALES, an alien who was previously deported and removed from the United States, was found in the United States, without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Further, affiant sayeth naught.

_____
Damian Weston
Deportation Officer
Immigration and Customs Enforcement

Sworn and subscribed to before me this __29__ day of January 2018 in West Palm Beach, Florida.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>18-8029-DLB</u>

UNITED STATES OF AMERICA

v.

RENE VAZQUEZ SALES,

        **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?     _____ Yes     __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?     _____ Yes     __X__ No

            Respectfully submitted,

            BENJAMIN G. GREENBERG
            UNITED STATES ATTORNEY

BY:    /s/ Rinku Tribuiani
            RINKU TRIBUIANI
            ASSISTANT UNITED STATES ATTORNEY
            Florida Bar No. 0150990
            500 S. Australian Avenue, Suite 400
            West Palm Beach, FL 33401-6235
            Tel:  (561) 820-8711
            Fax: (561) 820-8777
            Rinku.Tribuiani@usdoj.gov